IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEWIS HARRISON BROWN, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-18-0073 |
| DEPARTMENT OF JUSTICE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Lewis Harrison Brown, Jr. ("Plaintiff" or "Brown") brings this action against the Defendant Department of Justice ("Defendant" or "DOJ"), seeking an order directing the Federal Bureau of Investigation to return all fingerprint records and expunge any and all records pertaining to a probation before judgment Plaintiff received in 1992. (ECF No. 1.) Currently pending before this Court is the Department of Justice's Motion to Dismiss or, in the alternative, for Summary Judgment. (ECF No. 11.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion, construed as Motion to Dismiss, is GRANTED.

On March 10, 1992, Plaintiff Brown was charged with possession of a controlled dangerous substance ("CDS") and possession of drug paraphernalia. (ECF No. 1 at ¶¶ 7-10.) Ultimately, the CDS charge was dismissed and he received probation before judgment for the paraphernalia charge. (*Id.* at ¶ 11.) Brown alleges that despite successfully filing a Petition for Expungement with the District Court of Maryland for Frederick County, his fingerprints are still in a Federal Bureau of Investigation ("FBI") data base. (*Id.* at ¶¶ 12-22.) On January

9, 2018, he filed the instant action requesting that the FBI be directed to return all fingerprint records and expunge any and all records pertaining to the March 10, 1992 incident. (ECF No. 1.) On July 6, 2018, the Department of Justice filed a Motion to Dismiss or, in the alternative, for Summary Judgment, arguing that Brown failed to exhaust his administrative remedies.[1] (ECF No. 11.)

A motion to dismiss for failure to exhaust administrative remedies is governed by Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D. Md. 2005). Under Rule 12(b)(1), the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015); *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted).

The Plaintiff Brown's claim is governed by the Privacy Act of 1971, 5 U.S.C. § 552a, *et seq*. Under the Privacy Act, agencies that maintain a system of records must allow individuals to access records or "any information pertaining" to them contained in the system. § 522a(d)(1). An individual may then request an amendment of a record pertaining to

---

[1] The DOJ further argues that if this Court has jurisdiction over Plaintiff's claims, his claims should be dismissed or judgment should be entered in favor of the DOJ because FBI identification records are exempt from the Privacy Act's accuracy requirement and civil remedy provisions. (ECF No. 11-1 at 10-11.) Because this Court finds it does not have jurisdiction over Plaintiff's claim, it does not reach this argument.

him or her. § 522a(d)(2). After the request is made, the agency has ten working days to either make the requested amendment or inform the individual of the reason for the refusal. *Id.* If the request is refused, the individual may seek agency review of the decision. § 522a(d)(3). Within thirty days, the agency must "complete such review and make a final determination." *Id.* If the agency refuses to amend the record, it must notify the individual of the provisions for judicial review of the agency's determination. *Id.*

A plaintiff must exhaust his or her administrative remedies by filing a request with the agency prior to initiating suit for judicial review by a district court. *Pollack v. Dep't of Justice*, 49 F.3d 115, 117 n.1 (4th Cir. 1995) ("Only the provisions of FOIA are relevant to this appeal, however, as [the plaintiff's] Privacy Act claim was not properly before the district court because [he] did not first exhaust administrative remedies provided under the Privacy Act."); *Haley v. Soc. Sec. Admin.*, No. JKB-14-3775, 2015 WL 3745618, at *3 (D. Md. June 11, 2015) ("Although the Privacy Act does not contain an equivalent constructive exhaustion provision as FOIA, a plaintiff is nonetheless required to file a properly framed request under an agency's regulations."); *Otero v. Dep't of Justice*, 292 F. Supp. 3d 245, 252 (D.D.C. 2018) ("Where a plaintiff alleges a violation of the Privacy Act's amendment provision, *see* 5 U.S.C. § 552a(d)(2), he is required to exhaust his administrative remedies prior to filing a civil action.")

The Plaintiff's Complaint does not allege that he ever filed a request with the Federal Bureau of Investigation concerning fingerprint or any other identification records pertaining to Brown. Therefore, because he failed to exhaust his administrative remedies under the Privacy Act, this Court does not have jurisdiction over his claims. For these reasons,

Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 11) is GRANTED.

Accordingly, it is HEREBY ORDERED this 3rd day of October, 2018, that:

1. Defendant's Motion, construed as Motion to Dismiss (ECF No. 11), is GRANTED and Plaintiff's claim is DISMISSED;

2. The Clerk of the Court transmit a copy of this Memorandum Order to the Parties and Counsel of record; and

3. The Clerk of the Court CLOSE this case.

                                                                                                        /s/
                                                                           Richard D. Bennett
                                                                           United States District Judge